**[Cite as *State v. Hill*, 2023-Ohio-2109.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| VINCENT THEODORE HILL | : | Case No. 2022-CA-00156 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2022-CR-1083




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            June 26, 2023




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             BERNARD L. HUNT
PROSECUTING ATTORNEY                      2395 McGinty Road NW
                                          North Canton, OH  44720
   BY:  Christopher A. Piekarski
        110 Central Plaza South, Suite 510
        Canton, OH  44702-1413

*King, J.*

{¶ 1}   Defendant-Appellant Vincent Theodore Hill appeals the November 9, 2022 judgement of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter arose on May 21, 2022 when Hill and his step brother, Kent Clark returned from a night of drinking to a home they shared with the victim, J.S. Hill began an argument with J.S. which became physical. Hill slapped and punched J.S. about her head and shoulders and attempted to gouge her eyes out with his fingers. The beating went on for several hours. At one point Hill ordered Clark to slap J.S. and Clark did so, striking J.S with an open hand across the face a couple times. Hill then continued to assault J.S. and suggest that he was going to kill her. When J.S. tried to fight back, Hill kneed her in the stomach and crotch. J.S. believed she was going to die, but eventually Hill passed out and J.S. went to her room. J.S. experienced difficulty getting to her room because she could not see.

{¶ 3}   J.S. waited until sunrise and until she could see again to leave the house under the guise of going to work. She instead took a bus to the Canton Police Department where she reported the assaults. J.S. spoke with Canton Police Detective Phillip Johnson who took photos of her injuries. J.S.'s face was bruised and swollen. Her right eye was swollen nearly shut. Concerned that J.S. needed medical attention, Detective Johnson called a squad to transport J.S. to the hospital. At the hospital, J.S. received x-rays and a CAT scan which showed no fractures or concussion.

{¶ 4} In addition to photos taken by Detective Johnson and the staff at the hospital, J.S. took daily photos of her injuries from May 22, 2022 through June 1, 2022. On June 1, she still had black eyes. Since the assaults, J.S has struggled with short-term memory loss, numbness in her arm, and blurry vision in one eye on and off. She was to receive physical therapy for her arm but has no insurance to pay for it. For the same reason, she was unable to address the other two issues.

{¶ 5} As a result of these events, on July 6, 2022 the Stark County Grand Jury returned an indictment charging Hill with one count of felonious assault and/or aiding and abetting felonious assault pursuant to R.C. 2903.11(A)(1).

{¶ 6} Hill elected to proceed to a jury trial wherein the above outlined testimony and physical evidence was presented by the state. Hill rested without presenting any evidence. After deliberating, the jury convicted Hill as charged. He was subsequently sentenced to 8 to 12 years incarceration.

{¶ 7} Hill timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 8} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW, AS HIS CONVICTION OF FELONIOUS ASSAULT WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."

II

{¶ 9} "APPELLANT'S CONVICTION OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶ 10} We address Hill's assignments of error together as they are interrelated. Hill's assignments of error argue his conviction for felonious assault is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶ 12} Hill was convicted of complicity under R.C. 2923.03(A)(1). That section states in relevant part:

> (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) Aid or abet another in committing the offense;

{¶ 13} R.C. 2903.11(A)(1) provides in relevant part:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another

{¶ 14} Hill does not deny he either committed or was complicit to an assault. Rather, he argues because J.S.'s only officially documented injuries consisted of just bruising, the state did not prove serious physical harm and therefore failed to prove felonious assault.

{¶ 15} R.C. 2901.01(A)(5) defines serious physical harm to persons as any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 16} In *State v. Thundercloud*, 5th Dist. Muskingum No. CT2018-0048, 2019-Ohio-2471 at ¶39 this court noted:

Under certain circumstances, a bruise can constitute serious physical harm because a bruise may satisfy the statutory requirement for temporary serious disfigurement. *State v. Worrell*, 10th Dist. Franklin No. 04AP-410, 2005-Ohio-521, at ¶ 47–51, reversed on other grounds by *In re Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 847 N.E.2d 1174, 2006-Ohio-2109; see also, *State v. Payne*, 8th Dist. Cuyahoga 76539 (July 20, 2000) [bloody cut, swollen eye are temporary, serious disfigurement]; *State v. Plemmons–Greene*, 8th Dist. Cuyahoga No. 92267, 2010-Ohio-655, [black eye, bruising, swelling to right side of face, scratches on neck, and bruising on thighs and buttocks].

{¶ 17} In this matter, even without considering the injuries J.S. was unable to receive treatment for, the state produced sufficient evidence of temporary serious disfigurement. The photographic evidence produced by the state showed J.S. suffered profuse swelling and bruising to her face that persisted from May 21, 2022, the day of the

assaults, until at least June 1, 2022 when J.S. stopped documenting the healing injuries. On June 1, 2022, 12 days after the assaults, J.S. still had two black eyes. State's exhibits 3 A-F. We find this evidence sufficient to satisfy the statutory requirement of temporary serious disfigurement.

{¶ 18} Moreover, Hill's conviction is not against the manifest weight of the evidence. The jury heard the testimony of J.S., her recitation of the injuries she received, her testimony that she was assaulted for hours, and was presented with photographic evidence which supported the testimony of J.S. We find, therefore, that the jury did not lose its way in convicting Hill of complicity to felonious assault.

{¶ 19} The first and second assignments of error are overruled.

{¶ 20} The judgment of conviction and sentence of the Stark County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Wise, J. concur.